# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| **Plaintiff,** | ) |
| v. | ) CRIMINAL NO. 08-30003-WDS |
| **TYRONE JACKSON,** | ) |
| **Defendant.** | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is the government's notice of intent to use evidence pursuant to Fed. R. Evid. 404(b) (Doc. 60), to which defendants have not filed responses. In its motion, the government indicates that it will be seeking to introduce evidence that on prior occasions the defendants have been engaged in drug distribution and other dealings to show the defendants' intent, knowledge and lack of mistake.

## USE OF 404(b) EVIDENCE

The Seventh Circuit held in *United States v. James*, 464 F.3d 699, 709 (7th Cir. 2006) that, "[g]enerally, evidence of other bad acts is not admissible to show a defendant's propensity to commit a crime, nor to show that he or she acted in conformity with that propensity on the occasion in question." *Id.* (*citing United States v. Jones*, 389 F.3d 753, 757 (7th Cir.2004)), *vacated,* 545 U.S. 1125 *reinstated in part,* 144 Fed.Appx. 563, 2005 WL 2456605 (7th Cir. Oct.6, 2005) (vacating and remanding for resentencing under *Booker* ). Evidence is admissible under Rule 404(b) to establish proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. *Jones,* 389 F.3d at 756; Fed. R. Evid. 404(b).

"If the evidence of other crimes or bad acts provides direct or inextricably intertwined

evidence (often referred to as intricately related evidence) of the acts charged, it is not subject to the constraints of Rule 404(b)." *James*, 464 F.3d at 709 (*citing United States v. Lane,* 323 F.3d 568, 579 (7th Cir.2003)). Under *Lane,* although intricately related evidence need not satisfy the constraints of Rule 404(b) it must satisfy the balancing test of Rule 403. 323 F.3d at 580.

The Seventh Circuit uses a four-part test for the admissibility of evidence under Rule 404(b): (1) the evidence [must be] directed toward a matter in issue other than the defendant's propensity to commit the crime charged; (2) the evidence [must] show[ ] that the other act is similar enough and close enough in time to be relevant to the matter in issue; (3) the evidence [must be] sufficient to support a jury finding that the defendant committed the similar act; and (4) the probative value of the evidence [must] not [be] substantially outweighed by the danger of unfair prejudice *United States v. Best*, 250 F.3d 1084, 1090-91 (7th Cir.2001).

**1. Evidence which the Government seeks to admit**

The government has indicated that it will be seeking to introduce evidence that one witness sold quantities of crack cocaine to Jackson on four or five occasions while defendant Ladd was in jail in an attempt to raise bond money for Ladd. The witness will also testify that he has observed the defendant, Jackson, in possession of crack cocaine on several occasions at 242 S. 15th St., Mount Vernon, Illinois, and that on some occasions Jackson had the cocaine packaged and bagged for deliveries. In addition, he will testify that he has observed Jackson in possession of cocaine at his residence at 1310 Conger on other occasions. He will also testify that Cartricia Jackson would bring customers to Jackson and Ladd to whom they would sell crack cocaine.

Applying the standards set forth above, the Court **FINDS** that this evidence is admissible under Rule 404(b) as it would go to show motive, intent, knowledge, identity and the absence of mistake or accident. The evidence is related in time and place to the charges in the indictment

and it involves the witness' personal knowledge and observation of actions by the defendants involving the possession of crack cocaine.

The government has indicated that another witness will testify that he received quantities of crack cocaine from Ronald Jackson, who is related to the defendant, Tyrone Jackson, and lives directly across the street from the defendants at 1309 Conger. The witness will testify that on at least three occasions he observed Ronald Jackson sell large quantities of crack cocaine to other buyers. Ronald Jackson would count up several thousand dollars, which Ronald Jackson would take across the street to give to Tyrone Jackson. He will also testify that Catricia Jackson would bring customers to Ronald Jackson, and that Catricia Jackson had stated that she, Ronald Jackson, Tyrone Jackson and Maldon Ladd would go to the St. Louis area to purchase quantities of crack cocaine to bring to sell in Mount Vernon.

Applying the standards set forth above, the Court **FINDS** that this evidence is admissible under Rule 404(b) as it would go to show motive, intent, knowledge, identity and the absence of mistake or accident. This evidence is also clearly related in time and place to the charges in the indictment and, although it involves the distribution of cocaine at another residence, it would directly tie the defendants to the drug activities at that residence. The government's tendered evidence connects the acquisition of drugs by the defendants for sale at this additional residence. Moreover, the witness would have personal knowledge of this evidence and of actions by the defendants involving the possession and distribution of crack cocaine.

The government has indicated that it intends to introduce the testimony of a third witness who will state that the witness has personal knowledge of the sale of crack cocaine by the defendants and that Tyrone Jackson went to St. Louis to get drugs. In addition, the witness would testify that Jackson was allowing Ladd to sell the drugs from their house so that Jackson

would not get caught.

The Court will allow the government to introduce evidence with respect to the prior sales and that Jackson would go to St. Louis to buy drugs because the Court **FINDS** that this evidence is admissible under Rule 404(b) as it would go to show motive, intent, knowledge, identity and the absence of mistake or accident.

Finally, the government will introduce evidence through a fourth witness that he purchased 8 ball quantities of crack cocaine from Tyrone Jackson on three or four occasions; that Jackson was living at 1310 Conger; that Ladd was present during the sales; and, that Jackson was selling to raise money to get Ronnie Jackson out of jail.

As previously stated, the Court will allow the introduction of this evidence. The Court **FINDS** that this evidence is admissible under Rule 404(b) as it would go to show motive, intent, knowledge, identity and the absence of mistake or accident. The evidence is related in time and place to the charges in the indictment and it involves the witness' personal knowledge and observation of actions by the defendants involving the possession and distribution of crack cocaine.

**IT IS SO ORDERED.**

**DATED: June 30, 2008.**

                                            **s/ WILLIAM D. STIEHL**
                                                **DISTRICT JUDGE**