# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) CRIMINAL NO. 08-30003-WDS |
| TYRONE JACKSON, | ) ) ) |
| Defendant. | ) |

## O R D E R

**STIEHL, District Judge:**

Before the Court are several pre-trial motions related to the defendant Tyrone Jackson which are related. Initially, before the Court is a motion in limine filed by stand-by counsel on behalf of the defendant, Tyrone Jackson (Doc. 55) and a document entitled "Second Motion in limine" which also was filed by stand-by counsel (Doc. 58). The government has filed a motion to strike the pleadings on the ground that the defendant has now chosen to represent himself and his counsel should not be filing motions on behalf of the defendant (Doc. 61). Stand-by counsel has filed a response to the government's motion to strike indicating that due to the pending deadline that he met with the defendant and, upon the defendant's request, filed the motions in limine on his behalf.

The government has filed a related motion to prevent the hybrid representation of the defendant (Doc. 57). In that motion, the government seeks to preclude the defendant from both representing himself, and having his appointed counsel act as co-counsel. The Court is well aware of the Seventh Circuit's concern about the dangers of hybrid representation. As the Seventh Circuit has stated, "[t]here is no question that a defendant has a constitutional right to conduct his own defense." *Unitd States v. Chavin*, 316 F.3d 666, 671 (7th Cir. 2002). This Court

will not allow the defendant to both represent himself at trial and have representation. *Id.* at 671-72. Stand-by counsel will do exactly what the title indicates . . . stand by and be available for consultation with the defendant during the pre-trial and trial proceedings, but will not be allowed to act as co-counsel. The Court will expect stand-by counsel to prepare jury instructions and assist with the voir dire process, including the exercise of jury pool strikes, but the defendant will conduct the direct and cross-examination of witnesses and will make opening and closing statements.

Therefore, the Court **DENIES** the government's motion related to hybrid representation and **DENIES** the motion to strike. The government shall file its response, if any, to the defendant's motions in limine on or before July 1, 2008, as set forth at the final pre-trial conference.

**IT IS SO ORDERED.**

**DATED: June 30, 2008.**

s/ **WILLIAM D. STIEHL**
    **DISTRICT JUDGE**