# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 08-CR-30003-WDS |
| ) | |
| TYRONE W. JACKSON and ) | |
| MADLON S. LADD, ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant Tyrone W. Jackson's Motion to Dismiss (Doc. 72) to which the government has filed a response (Doc. 85). In this motion the defendant, who is representing himself at trial, seeks dismissal of the indictment[1] on two main grounds. First, he asserts that the Interstate Agreement on Detainers requires dismissal in this case because the government released him on June 24, 2008 to attend state court proceedings in Jackson County, Illinois, before final disposition of this case. Second, he seeks dismissal for alleged violation of the Speedy Trial Act.

Interstate Agreement on Detainers

As the government notes in its response, the Interstate Agreement on Detainers only applies to individuals who have begun serving their state sentences, and not to pretrial detainees. *See e.g., United v. Forrest*, 402 F.3d 678, 685 (6th Cir. 2005). In this case, the defendant is a pretrial detainee on child abuse charges in state court at the time the indictment in this case was

---

[1] The motion to dismiss was filed before the government filed a Superseding Indictment in this case. The Court will consider the motion to be addressed to the current indictment.

returned. The defendant was writted into federal custody and has been in federal custody since that time. Therefore, the Court **FINDS** that the defendant's motion is without merit on this ground and is **DENIED.**

Speedy Trial Claim

The second ground asserted in the motion to dismiss is that the defendant's right to a speedy trial has been violated. The Sixth Amendment provides that "[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial." U.S. Const. amend. VI. The Sixth Amendment right to a speedy trial is triggered by an arrest, an indictment, or some other type of official accusation. *See Doggett v. United States*, 505 U.S. 647, 655 (1992); *United States v. Dote*, 328 F.3d 919, 922 (7th Cir.2003). A defendant's trial must "commence within seventy days from the filing date ... of the information or indictment, or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs." 18 U.S.C. § 3161(c)(1).

There are, however, a number of exclusions in the Speedy Trial Act which may toll the running of the clock and do not, therefore, count against the seventy days. 18 U.S.C. § 3161(h). Most notably any delays attributable to the filing and resolution of any defendant's pretrial motions are excluded from the determination of whether seventy days have elapsed. 18 U.S.C. § 3161(h)(1)(F). Under § 3161(h)(7), "the excludable delay of one defendant may be ascribed to all codefendants in the same case, absent severance." *Baker*, 40 F.3d at 159 (citation omitted).

Given this standard, the Court **FINDS** that the defendant's speedy trial time did not begin running until after his arraignment on January 15, 2008. The Magistrate Judge entered an Order for Pretrial Discovery and Inspection (Doc. 17) which gave the defendant twenty-one (21) days

after the arraignment to file motions, thus tolling the Speedy Trial clock until February 5, 2008. On February 12, 2008, the defendant filed a motion to suppress, which the Court heard and took under advisement on April 9, 2008. The Court issued its ruling on May 9, 2008. All time between the filing of the motion and the Court's ruling were tolled under the specific provisions of the Speedy Trial Act, *see*, 18 U.S.C. § 3161(h)(1)(F) and § 3161(h)(1)(J). Therefore, between the defendant's arraignment and May 8, 2008, seven (7) days had run.

Speedy trial time ran until defendant's motion regarding status of counsel was filed on May 23, 2008, and the Court held its hearing and ruled on the motion on June 6, 2008. Therefore, fifteen(15) additional days had run, for a total of twenty-two (22) days. On June 12, 2008, defendant Ladd filed a motion to continue. That motion was denied as moot on June 18, 2008, therefore, up to June 18, 2008, twenty-eight (28) days had run.

This case is currently set for trial on July 15, 2008. The time period between June 18, 2008 and July 15, 2008 is twenty-seven (27) days. Therefore, at most, a total of fifty-five (55) days have run under the appropriate speedy trial calculations as set forth in 18 U.S.C. § 3161. Accordingly, defendant's motion to dismiss for Speedy Trial Act violations is **DENIED.**

**IT IS SO ORDERED.**

**DATE:     14 July, 2008**

                                                                           s/ WILLIAM D. STIEHL
                                                                                      **District Judge**