# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| UNITED STATES OF AMERICA, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | CRIMINAL NO. 08-30003-WDS |
| TYRONE JACKSON, | ) |  |
| Defendant. | ) |  |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court are several motions filed by the defendant pro se which seek the defendant's release from federal custody, and the release of defendant's co-defendant Madlon S. Ladd, for alleged violations of the defendants' due process and equal protection rights (Docs. 122, 130, and 132).

Initially, the Court notes that the defendant, acting pro se, can act only on his own behalf and not on behalf of his co-defendant. Co-defendant Ladd is represented by counsel who did not join in this motion or file a similar motion. Accordingly, the Court **DISMISSES** defendant's motion as it applies to co-defendant Madlon Ladd, and the Court will consider this motion only as to defendant Jackson. The Government has filed a motion to strike a related habeas pleading entitled "Civil Amended Charges" (Doc. 133) for lack of jurisdiction (Doc. 134).

The Court notes that the motions brought pursuant to 28 U.S.C. § 2255 are premature at this stage of the proceedings. *See, United States v. Knox,* 287 F.3d 667, 671 (7th Cir.2002). *See also* 28 U.S.C. § 2255 ("A prisoner in custody under sentence of a court ... may move the court which imposed the sentence to vacate ... the sentence.").

The defendant's habeas motions seek the following:

1. Motion for habeas corpus (Doc. 122): In this motion, the defendant asserts that the presence of the Information Technologist during the jury deliberations violated his constitutional rights and he should be released.

2. Motion pursuant to 28 U.S.C. § 2255.4 (Doc. 130): This motion simply seeks relief under § 2255 for Fifth and Sixth Amendment violations

3. Motion to Vacate Judgment (Doc. 132): This motion is an amendment of Doc. 130, but re-asserts that the presence of the Information Technological specialist violated his constitutional rights and he is entitled to have his judgment vacated.

4, Civil Amended Charges (Doc. 133): Although not filed as a motion, this pleading asserts two claims – and names as defendant this Judge and the government prosecutor. The defendant asserts that the named defendants entered into a conspiracy to violate the defendants, Jackson and Ladd's, constitutional rights to Due Process and Equal Protection. As previously noted, the government has moved to strike this pleading (Doc. 184).

In light of the fact that the defendants in this case have not been sentenced, the motions seeking habeas relief are not properly before this Court at this time and they are must be **DISMISSED** without prejudice as premature. (Docs. 122, 130, 132.)

Remaining is defendant's document entitled "Civil Amended Charges." (Doc. 133). The government has filed a motion to dismiss this pleading asserting that the Court is without jurisdiction over a civil matter filed in a criminal action. *Eaton v. United States*, 178 F.3d 902 (7th Cir. 1999). Plaintiff may pursue any civil relief he may have in a separate filing. Accordingly, the Court **GRANTS** the government's motion to strike (Doc. 134), and Doc. 133 is

**STRICKEN** for lack of jurisdiction.

**IT IS SO ORDERED.**

**DATED: December 17, 2008.**

                                           **s/ WILLIAM D. STIEHL**
                                               **DISTRICT JUDGE**