# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CRIMINAL NO. 08-30003-WDS |
| | ) |
| TYRONE JACKSON, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion to dismiss (Doc. 166). This motion to dismiss follows the Court's Order of December 22, 2008, which denied several similar motions filed by the defendant. The defendant re-asserts several matters addressed in the Court's prior ruling, as well as during the trial, and has raised some new grounds for relief in this motion. The Court will address each in turn:

1. The defendant asserts that the government failed to turn over all *Jencks* Act, *Brady* and *Giglio* material. The defendant further asserts that the government withheld material and made misrepresentations of fact concerning its witnesses at trial. The defendant claims that the government's entire case was based upon witness testimony and that concealing this information prevented him from successfully impeaching the government's witnesses.

A *Brady* violation can be broken down into three basic elements: (1) the evidence at issue is favorable to the accused, either being exculpatory or impeaching; (2) the evidence must have been suppressed by the government, either willfully or inadvertently; and (3) there is a reasonable probability that prejudice ensued, in other words, "materiality." *See Youngblood v. West Virginia,* 547 U.S. 867 869-70 (2006); *United States v. Bland,* 517 F.3d 930, 934 (7th Cir.

2008); *Ienco v. Angarone,* 429 F.3d 680, 683 (7th Cir. 2005).

Evidence is "suppressed" when (1) the prosecution failed to disclose the evidence allowing the defendant to make use of it at trial, and (2) the evidence was not otherwise available to the defendant through the exercise of reasonable diligence. *Ienco,* 429 F.3d at 683. The Supreme Court has held that evidence is "material" "if there is a reasonable probability that, had the evidence been disclosed to the defense, the result of the proceeding would have been different." *Strickler v. Greene,* 527 U.S. 263, 280 (1999) (internal quotations omitted); *see also Bland,* 517 F.3d at 934.

The defendant's motion does not specify what information was allegedly withheld by the government. Although the Court gives broad discretion to a defendant who proceeds pro se, nonetheless, there must be something more than a bald allegation of impropriety to support his motion to dismiss. Accordingly, the motion to dismiss based upon alleged *Brady* violations is **DENIED**.

2. The defendant next asserts that the government presented evidence to the jury of a video of an apparent drug transaction made by a person identified as "Josh" who was not charged in the indictment and was not connected to the defendant. The defendant asserts that this was improper evidence and that it was prejudicial to the jury.

The jury weighed the evidence presented as part of the government's proof and found the defendant to be guilty of the charged crimes. The Court remains persuaded that the admission of the video evidence was proper. The fact that "Josh" was not a co-defendant does not invalidate the evidence which was presented on the video involving the defendant in drug transactions. The Court, therefore, **FINDS** this claim to be without support and **FURTHER FINDS** no basis for overturning the jury's verdict based on the admission of this evidence.

3. The defendant also re-raises several claims previously discussed and rejected by this Court. The defendant asserts that the Court did not allow him to call witnesses to prove his claims that the prosecution indicted him on the charges in this case in retaliation for the defendant's efforts to expose a corrupt state court judge. The Court held hearings on this issue during the trial and remains persuaded that this evidence was improper, immaterial to the charges and did not form a basis for a defense to those charges, therefore the evidence was properly excluded.

The defendant again raises his claims that the presence of the Court's Information Technology Director, Tom Galbraith, during jury deliberations was improper. The Court dealt with this issue extensively in its Memorandum and Order of December 22, 2008 (Doc. 165). There is nothing new presented here, and the ruling stands.

Finally, the defendant re-asserts that the government used photographic evidence of an unrelated pending state charge during his detention hearing and to Mr. Galbraith. Again, there is nothing new raised in this claim, and the Court's prior ruling stands.

Accordingly, the Court **DENIES** the defendant's motion to dismiss (Doc. 166) on all grounds raised.

**IT IS SO ORDERED.**

**DATED: January 14, 2009.**

> **s/ WILLIAM D. STIEHL**
> **DISTRICT JUDGE**