**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | 08-CR-30003-WDS |
| TYRONE W. JACKSON, | ) ) | |
| Defendant. | ) | |

## MEMORANDUM & ORDER

**STIEHL, District Judge:**

Before the Court is defendant's pro se motion to reconsider (Doc. 173) and leave to supplement his motion to dismiss (Doc. 168). Both of these documents are directed to matters considered by the Court in its Order of January 14, 2009, (Doc. 167) which denied defendant's motion to dismiss. The Court has, on numerous occasions, given consideration to the defendant's claims that his convictions should be overturned and the charges against him dismissed, or that he should be granted a new trial. These are, then, renewed bites at the same apple. Although the Court does not normally afford defendants this many repeated and renewed arguments on the same grounds and on the same claims, the Court, has, nontheless, directed the government to respond to the assertions raised by the defendant (See, Order at Doc. 171).

The defendant was convicted on July 18, 2008, after a four day trial, of crack cocaine related offenses. Specifically the defendant was convicted of possession with intent to distribute crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(B) (Count 3) and distribution of crack cocaine in violation of 21 U.S.C. § 841(a)(1) and § 841(b)(1)(C) (Count 4). The defendant chose to represent himself at the trial of this matter. He has filed several post-trial motions (Doc. 118, Motion for Mistrial; Doc. 119, Motion to Dismiss; Doc. 122, Motion for

Habeas Corpus; Doc. 125, Motion to Vacate Judgment; Doc. 127, Motion to Dismiss; Doc. 130, 2255 Motion; Doc. 132, Amended Motion to Vacate Judgment; Doc. 146, Memorandum in Support of Motion; Doc. 151, Memorandum in Support of Motion; Doc. 152, Memorandum in Support of Motion; Doc. 153, Motion to Dismiss; Doc. 154, Motion to Dismiss; Doc, 156, Motion to Issue Subpoenas; Doc. 160, Motion for Reconsideration; Doc. 166, Motion to Dismiss) all of which have been denied by the Court (See Orders at Docs. 157, 163, 165, & 167)

### A. The Court's Prior Order

On January 14, 2009, the Court denied defendant's pro se motion to dismiss (Doc. 166) on all grounds (*See,* Order at Doc. 167). The Court found that the defendant's assertions that the government had failed to turn over *Brady, Jencks* Act and *Giglio* materials was unsupported in the record. The Court further found that the government's evidence did not improperly include the video of a person named "Josh" who made an apparent buy of controlled substances from the defendant. The Court found that the evidence was properly presented to the jury which weighed that evidence and apparently found it supported the charges against the defendant.

Finally, the Court denied defendant's renewed motion concerning the presence of the Court's Information Technology Director in the jury room was per se error; that the government used photographic evidence of an unrelated pending state charge at the detention hearing and that the Court improperly rejected the defendant's proffered evidence that this case was only charged in retaliation for the defendant's exposure of a corrupt state court judge. The Court found that all of these claims were without merit and they were denied (See. Doc. 167). Not satisfied with these rulings the defendant filed the current supplement and motion to reconsider.

### B. Defendant's Motions

The defendant's motion to supplement (Doc. 168) and motion to reconsider (Doc. 173) both assert the same basic grounds for relief. The Court will consider the defendant's claims in groups.

1. Discovery Issues

The defendant raises several alleged violations by the government with respect to discovery disclosures. In particular, he asserts that the government did not disclose a witness list; did not timely disclose officer's statements, memorandum or notes before trial( *Jencks* Act) ; did not timely disclose promises, inducements, or threats to witnesses (*Giglio*); did not disclose the statement of Fred Gooseby, who defendant asserts lied on his first proffer; failed to disclose a report as to why the state of Illinois did not press charges against one of the government's witnesses, Jeff McCurdy.

The government, in its responses notes that: it was not required to supply a witness list; that it provided more than 400 pages of discovery to the defendant, including all police reports, which are the statements by law enforcement. Therefore, the defendant had all of the discovery materials available to him. The government further notes that the defendant's assertions of violation of *Brady v. Maryland,* 373 U.S. 83 (1963) are without foundation. The government has represented to the Court that it provided the defendants with copies of the criminal histories of their sources; a statement as to the amount of money the sources were paid by law enforcement; and, any favors local state's attorney offices may have given those sources.

As the government notes, this potentially impeaching information was brought out at trial with respect to the confidential sources, and therefore, the jury was advised of the fact that these individuals were convicted felons who were paid by law enforcement and that they had used

3

drugs in the past. The Court **FINDS** no impropriety or error in the manner in which the government provided discovery, the timeliness of that disclosure, and there is nothing before the Court to support defendant's bald claim of *Brady* or a *Jencks* Act violation.

The Court **FURTHER FINDS** that defendant has simply raised allegations about the use of government witnesses Goosby and McCurdy and that those allegations are without support. There is nothing in the record to support the defendant's claim that Goosby lied on his proffer. Moreover, Goosby testified at trial (Tr. Vol III) and his reasons for testifying were brought out before the jury as part of his testimony. The government further advises that it provided Goosby's statement to the defendant before trial.

Similarly, defendant's claims with respect to McCurdy are without foundation. The government provided the defendant with a report that the state prosecutor did not press charges against McCurdy. That report apparently further indicates that the state did not know at the time that McCurdy was cooperating with local police officers. The decisions of the state's attorney are not under the control of, nor responsibility of the federal government. The defendant was provided with information in the government's possession, therefore, his claims with respect to alleged *Giglio* violations are without substance.

Accordingly, defendant's claims of alleged discovery violations are without merit and are **DENIED** on all grounds raised.

    2.    Use of Videotape Evidence at Trial

The defendant asserts that the government improperly used videotape evidence regarding controlled purchases on November 9, 2005, which also included purchases from a Joshua Liddell. The testimony at trial was that the confidential informant made two purchases of crack

4

cocaine which were contained on the same videotape. The fact that there was a purchase from another individual does not, in any manner, refute the purchase from the defendant (and co-defendant Ladd). The Court's admission of this evidence was proper, and the jury had the opportunity to review the evidence and assess its value with respect to the charges. There is nothing in the record to support any claim of prejudice with respect to the evidence of buys which were detailed on the videotape.

Accordingly, defendant's motion on this ground is **DENIED.**

3. Allegations of prosecutorial misconduct.

Finally, defendant makes a general claim that based upon perceived *Brady*-type violations, failure to disclose discovery, and use of the videotape evidence, the government engaged in prosecutorial misconduct. In light of the above, the Court **FINDS** these assertions to be without merit and they are **DENIED.**

## CONCLUSION

Accordingly, the Court **DENIES** defendant's motion to reconsider (Doc.173) and the claims raised in his supplemental pleading (Doc. 168) on all grounds.

**IT IS SO ORDERED.**

**DATE: February 13, 2009**

    **s/ WILLIAM D. STIEHL**
    **DISTRICT JUDGE**