**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) NO.08-CR-30003-WDS |
| | ) |
| **TYRONE W. JACKSON,** | ) |
| | ) |
| **Defendant.** | ) |

**MEMORANDUM AND ORDER**

**STIEHL, District Judge:**

Before the Court are several motions filed post-trial. The defendant has filed two motions, e.g., a motion for writ of garnishment filed (Doc. 237), and a motion for a hearing (Doc. 238). In the motion for writ of garnishment, the defendant asserts that his motion is actually an answer to the Clerk's notice of continuing garnishment and a writ of garnishment filed in Jefferson County, Illinois (Docs. 234 & 235). The Court notes that the Jefferson County Circuit Clerk has filed an answer (Doc. 236). The government has filed a response to the defendant's motion for hearing (Doc. 239) asserting that this Court does not have jurisdiction to proceed on this matter in light of the pending appeal.

In light of the pending direct appeal, the Court **FINDS** that it is without jurisdiction to consider the defendant's motions, and they are denied, without prejudice to refiling after the resolution of the direct appeal. The Court **DIRECTS** the Clerk of the Court to hold, in its account, any money collected from Jefferson County, Illinois, pending the resolution of the direct appeal.

Also before the Court is the government's motion to supplement the record on appeal (Doc. 241). The government seeks to have the Court make a factual finding indicating that during the trial

the defendant's leg shackles were not displayed to the jury. This request is made in light of the defendant's asserting in his pro se appellate brief in which he apparently has raised the issue of leg shackling during his trial.

Upon review of the record, the Court **GRANTS** the government's motion and **HEREBY** supplements the record on appeal as follows:

> During the trial of *United States v. Jackson*, 08-CR-30003-WDS, the defendant represented himself at trial *pro se* with the assistance of stand-by counsel, Rodney H. Holmes, Esq. It is the Court's practice, in all criminal trials, including this trial, to have the defendant shackled for purposes of security in the Courtroom. The defendant is brought into the Courtroom in the custody of the United States Marshals Service before the jury is admitted to the Courtroom, and is removed from the Courtroom after the jury retires. The defendant is not handcuffed during trial. Although shackled, those shackles are concealed from the jury and the Court by the skirting which surrounds counsel tables (both the government's and the defense) during every phase of the trial. During this trial the defendant conducted his direct and cross examination from counsel table, and his shackling was not, at any time, exposed to the jury.

**IT IS SO ORDERED.**

**DATE:    3 January, 2011**

                                          **/s/  WILLIAM D. STIEHL**
                                              **DISTRICT JUDGE**